UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
EZ DROP SHIPPING, LLC d/b/a
IESP GROUP,

        Plaintiff,

  -against-

CODY ALFREY, individually, and
COORDINATES PPE LLC,

        Defendants.
---------------------------------------------------X

REPORT AND
RECOMMENDATION
24 CV 522 (LDH)(RML)

LEVY, United States Magistrate Judge:

By order dated June 12, 2024, the Honorable LaShann DeArcy Hall, United States District Judge, referred plaintiff's motion for default judgment to me for report and recommendation. For the reasons set forth below, I respectfully recommend that the motion be denied, and that plaintiff be granted thirty days to file and serve an amended complaint addressing subject matter and personal jurisdiction.

## BACKGROUND AND FACTS

Plaintiff EZ Drop Shipping, LLC d/b/a IESP Group ("plaintiff" or "EZ Drop") commenced this action on January 24, 2024, against defendants Cody Alfrey ("Alfrey") and Coordinates PPE, LLC ("Coordinates" or together with Alfrey, "defendants"), asserting claims for breach of contract and fraudulent inducement, or in the alternative for unjust enrichment and account stated, arising out of an agreement to invest in and re-sell COVID-19 test kits. (Complaint, dated Jan. 24, 2024 ("Compl."), Dkt. No. 1.) EZ Drop, owned by Jacob Ashlem, maintains a principal place of business in Brooklyn, New York. (Id. ¶¶ 4, 7; Declaration of Jacob Ashlem, dated June 4, 2024 ("Ashlem Decl."), Dkt. No. 14, ¶¶ 1, 3.) Coordinates is a Florida limited liability company with its principal place of business in Jupiter, Florida. (Compl.

¶ 5; Ashlem Decl. ¶ 4.)  When the complaint was filed, plaintiff believed Alfrey to be a resident of North Palm Beach, Florida; however, plaintiff's efforts to serve process on Alfrey revealed that he resides in White Plains, Georgia.  (Compl. ¶ 6; Ashlem Decl. ¶ 5.)

Plaintiff alleges that "[t]his Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) because the amount in dispute exceeds $75,000 and the controversy is between citizens of different States."  (Compl. ¶ 7.)  Plaintiff declares that "[t]his Court has general personal jurisdiction over [d]efendants as they conduct systematic and continuous business within New York State."  (Id. ¶ 8.)  In support, plaintiff states that "[d]efendants directly reached out to [p]laintiffs within this jurisdiction to form the agreement which is the subject of this complaint."  (Id.)  Plaintiff also alleges that "this Court has specific personal jurisdiction over Defendants because their breach and misconduct has harmed the Plaintiff within this judicial district."  (Id. ¶ 9.)

Defendants did not file an answer or otherwise move with respect to the complaint.  (Clerk's Certificate of Default, dated May 17, 2024, Dkt. No. 11.)  Plaintiff now seeks a default judgment against defendants for breach of contract.  However, I find that plaintiff has not established that this court has subject matter jurisdiction over this action or personal jurisdiction over defendants.  Therefore, I respectfully recommend that default judgment be denied and that plaintiff be granted thirty days' leave to file and serve an amended complaint addressing the jurisdictional deficiencies.

### DISCUSSION

Prior to entering default judgment, the court "must ensure that (1) jurisdictional requirements are satisfied; (2) the plaintiff took all the required procedural steps in moving for default judgment; and (3) plaintiff's allegations, when accepted as true, establish liability as a

matter of law." Eco-Fuels LLC v. Sarker, No. 22 CV 250, 2024 WL 779038, at *3 (E.D.N.Y. Feb. 26, 2024) (quoting Jian Hua Li v. Chang Lung Grp. Inc., No. 16 CV 6722, 2020 WL 1694356, at *4 (E.D.N.Y. Apr. 7, 2020)). To satisfy jurisdictional requirements, the court must have "both subject-matter jurisdiction over the action and personal jurisdiction over each defendant." Id. at *4 (citing Covington Indus., Inc. v. Resintex A.G., 629 F.2d 730, 732 (2d Cir. 1980)).

As "[t]he party invoking federal jurisdiction" plaintiff "bears the burden of establishing that jurisdiction exists." Schmidt v. Ollie Holdings, No. 21 CV 03533, 2022 WL 910865, at *2 (S.D.N.Y. Jan. 12, 2022), report and recommendation adopted, 2022 WL 1004571 (S.D.N.Y. Apr. 4, 2022) (citing Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009)). Plaintiff must also show that the forum may exercise personal jurisdiction over each defendant. See Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp., 619 F.3d 207, 213 (2d Cir. 2010).

**I.   Subject Matter Jurisdiction**

Plaintiff alleges that diversity jurisdiction serves as the basis for federal subject matter jurisdiction in this action. (Compl. ¶ 7.) A federal district court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000," and are between "citizens of different states," 28 U.S.C. § 1332(a)(1), meaning that "there is no plaintiff and no defendant who are citizens of the same [s]tate." Platinum-Montour Life Scis., LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 617 (2d Cir. 2019) (quoting Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 388 (1998)). Limited liability companies are citizens of all states where each of their general and limited partners is a citizen. See United States Liab. Ins. Co. v. M Remodeling Corp., 444 F. Supp. 3d 408, 409 (E.D.N.Y. 2020) (citing Castillo Grand, LLC v. Sheraton Operating Corp., 719 F.3d 120, 122 (2d Cir. 2013); Carden v.

3

Arkoma, 494 U.S. 185, 195-96 (1990)).  Bare claims "that a party is a citizen of a different state . . . are insufficient to invoke diversity jurisdiction."  Acceptance Indem. Ins. Co. v. Genesis, No. 22 CV 01197, 2022 WL 14058786, at *3 (E.D.N.Y. Oct. 24, 2022) (quoting Kenshoo Inc. v. Aragon Advert., LLC, 586 F. Supp. 3d 177, 180 (E.D.N.Y. 2022)).

To establish diversity citizenship for a limited liability company, such as plaintiff and Coordinates, plaintiff must indicate the member(s) of the company and their respective citizenship(s).  See NY United A-1 Constr., Inc. v. J.P. Mgmt., LLC, No. 22 CV 4583, 2023 WL 2919090, at *1 (S.D.N.Y. Apr. 12, 2023) (plaintiff "has failed to identify the members of the [d]efendant-limited liability companies and allege their citizenship, and thus [has] failed to allege a proper basis of diversity jurisdiction."); Dominguez v. Hernandez, 21 CV 7051, 2023 WL 2575224, at *20 (E.D.N.Y. Feb. 22, 2023), report and recommendation adopted, 2023 WL 2574876 (E.D.N.Y. Mar. 20, 2023) (denying default motion for failure to establish subject matter jurisdiction where plaintiff did not disclose the members of limited liability companies or their citizenships) (citing Kenshoo, 586 F. Supp. at 180); Miranda v. Luzuriaga, No. 21 CV 7148, 2022 WL 508820, at *2 (E.D.N.Y. Feb. 3, 2022), report and recommendation adopted, 2022 WL 504122 (E.D.N.Y. Feb. 18, 2022) (finding that a conclusory statement alleging the citizenship of a limited liability company "[did] not provide a sufficient basis on which to establish diversity jurisdiction").

Here, plaintiff's allegation regarding diversity jurisdiction is insufficient because it states conclusorily that the parties are diverse but does not provide facts to support this assertion.  A proper showing that parties are diverse would entail a disclosure of the members of each LLC and their citizenships; however, plaintiff has not named the members or their respective citizenships for either EZ Drop or Coordinates.  (See Compl.)  Thus, it is unclear

4

whether complete diversity exists, and therefore, the court cannot determine whether it has subject matter jurisdiction over plaintiff's claims.

### II. Personal Jurisdiction

Where a defendant has failed to appear in an action and plaintiff seeks a default judgment, the court may *sua sponte* assess whether there is personal jurisdiction over the defendant, as a judgment may be voided for lack of personal jurisdiction pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. Silva v. Seven Rock Life Corp., No. 23 CV 6407, 2024 WL 3228437, at *1 (E.D.N.Y. June 28, 2024) (quoting City of N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 133 (2d Cir. 2011)). The court may analyze personal jurisdiction "when a plaintiff's submissions clearly show an absence of personal jurisdiction or even when they show that sustaining personal jurisdiction is highly unlikely." Shenzhen Tepei Tech. Co. v. TPARTS, LLC, No. 23 CV 2656, 2024 WL 3184596, at *2 (E.D.N.Y. June 7, 2024), report and recommendation adopted, 2024 WL 3178908 (E.D.N.Y. June 26, 2024) (quoting Kaplan v. Hezbollah, No. 19 CV 3187, 2022 WL 2207263, at *2 (E.D.N.Y. June 21, 2022)); see also Sinoying Logistics Pte Ltd., 619 F.3d at 213 n.7; Weiss v. Shree Baidyanath Ayurved Bhawan Pvt. Ltd., No. 21 CV 155, 2024 WL 1556888, at *3 (E.D.N.Y. Apr. 10, 2024).

The test for establishing personal jurisdiction consists of three elements: (1) defendant must have been served properly, (2) there is a statute that confers personal jurisdiction, and (3) personal jurisdiction complies with standards of federal due process. See Shi v. Le, No. 21 CV 1361, 2022 WL 1085420, at *4 (E.D.N.Y. Mar. 2, 2022), report and recommendation adopted, 2022 WL 896963 (E.D.N.Y. Mar. 28, 2022).

Defendants were properly served in this action. Plaintiff served Alfrey with the summons and complaint at his place of residence in White Plains, Georgia on March 29, 2024,

5

pursuant to Federal Rule of Civil Procedure 4(e)(1).  (See Affidavit of Service of Don Wakefield, Jr., sworn to Apr. 2, 2024, Dkt. No. 8; Declaration of Michael Steinmetz, Esq., dated June 4, 2024 ("Steinmetz Decl."), Dkt. No. 13, ¶ 7; Plaintiff's Memorandum of Law in Support of Mot., dated June 4, 2024, Dkt. No. 15, at 2.)  Coordinates was served on March 11, 2024, through the Florida Secretary of State, after diligent attempts to serve the business at a physical address.  (See Attorney's Declaration of Compliance for Substitute Service, dated May 9, 2024 ("Decl. of Substitute Serv."), Dkt. No. 9, ¶¶ 3, 5-7; Acceptance of Service, attached as Ex. A to Decl. of Substitute Serv., Dkt. No. 9.)  Thus, defendants were properly served with the summons and complaint.  Furthermore, plaintiff has demonstrated that it served the Motion for Default Judgment and accompanying submissions on defendants in compliance with Local Rule 55.2(c).  (See Proof of Mailing, dated May 24, 2024, attached as Ex. A to Steinmetz Decl., Dkt. No. 13-1.)

        A federal court sitting in diversity determines personal jurisdiction "in accordance with the laws of the forum state, subject to federal due process constraints."  MDG Real Estate Glob. Ltd. v. Berkshire Place Assocs., LP, 513 F. Supp. 3d 301, 305-6 (E.D.N.Y. 2021) (citing Nautilus Ins. Co. v. Adventure Outdoors, Inc., 247 F.R.D. 356, 358 (E.D.N.Y. 2007)).  Personal jurisdiction is therefore analyzed pursuant to New York statutes.  See IBE Trade Corp. v. Dubinsky, No. 21 CV 1879, 2022 WL 1487214, at *1 (2d Cir. May 11, 2022).

        Under New York Law, general personal jurisdiction is permitted over persons domiciled in New York, see Cooper v. Fire & Ice Trucking, Corp., No. 23 CV 1675, 2024 WL 3344001, at *5 (E.D.N.Y. July 9, 2024) (citing New York Civil Practice Law and Rules ("N.Y. C.P.L.R.") § 301), and specific personal jurisdiction is permitted "over non-domiciliary defendants who transact business within the state," where the action arises from such business

within the state. Id. (citing N.Y. C.P.L.R. § 302(a)(1)); see MDG Real Estate Glob. Ltd., 513 F. Supp. 3d at 306. In its jurisdictional statement, plaintiff refers to defendants together. (See Compl. ¶¶ 8-9.) However, the court will assess personal jurisdiction as to each defendant separately.[1] Plaintiff also alleges that the court has general jurisdiction and specific jurisdiction as to all defendants but does not cite the relevant New York statutes. (See id. ¶¶ 8-9.)

A. General Jurisdiction

Under N.Y. C.P.L.R. § 301 New York courts may exercise general jurisdiction where a corporation "has engaged in such a continuous and systematic course of 'doing business' [in New York] that a finding of its 'presence' [in New York] is warranted." Sonera Holding B.V. v. Çukurova Holding A.S., 750 F.3d 221, 224 (2d Cir. 2014) (quoting Landoil Res. Corp. v. Alexander & Alexander Servs., 77 N.Y.2d 28, 33 (1990)). General jurisdiction authorizes the court to assert "personal jurisdiction over a defendant regardless of whether the underlying claim has a connection to the forum." Varn v. Orchestrade, Inc., No. 19 CV 2875, 2020 WL 13558690, at *5 (E.D.N.Y. Mar. 29, 2020) (citing Sonera Holding, 750 F.3d at 225). "Only a select 'set of affiliations with a forum' will expose a defendant to such sweeping jurisdiction." Ford Motor Co. v. Mont. Eighth Judicial Dist. Court, 592 U.S. 351, 358 (2021) (quoting Daimler AG v. Bauman, 571 U.S. 117, 137 (2014)).

To comport with constitutional due process requirements, for an individual defendant, general jurisdiction is exercised in the forum where the individual is domiciled, and

---

[1] It is insufficient to refer to defendants collectively for the purposes of asserting personal jurisdiction. See Spin Master, Ltd. v. TC Toy City Store, No. 22 CV 890, 2022 WL 17669432, at *2 (S.D.N.Y. Dec., 14, 2022) (concluding that plaintiff did not properly plead personal jurisdiction where they did not "show personal jurisdiction over each defendant against which they seek relief") (citing Cenage Learning, Inc. v. Buckeye Books, 531 F. Supp. 2d 596, 599 (S.D.N.Y. 2008) (finding it "patently insufficient" to "[l]ump[] all the 'defendants' together for purposes of alleging connections to New York.")).

for a corporate defendant, it is the forum(s) where it was incorporated and where it maintains a principal place of business. See id. at 358-59 (providing that in the "exceptional case" a defendant is subject to general jurisdiction if its contacts with a forum are "so substantial and of such a nature as to render the corporation at home in that [s]tate.") (citation omitted); Daimler, 571 U.S. at 137 (holding that it did not comport with due process requirements to subject corporate defendants to general jurisdiction in California, where neither was incorporated or maintained a principal place of business there); see also Foshan Shunde Xinrunlian Textile Co. v. Asia 153 Ltd., No. 14 CV 4697, 2017 U.S. Dist. LEXIS 14170, at *7 (E.D.N.Y. Jan. 30, 2017), report and recommendation adopted, 2017 U.S. Dist. LEXIS 41736 (Mar. 21, 2017) (finding that general jurisdiction in New York did not extend to two corporations headquartered and incorporated in California); but see Holiday Park Drive, LLC v. Newist Corp., No. 23 CV 2623, 2024 U.S. Dist. LEXIS 27027, at *17 (E.D.N.Y. Feb. 15, 2024), report and recommendation adopted, 2024 U.S. Dist. LEXIS 49865 (Mar. 20, 2024) (exercising general jurisdiction over a corporation because it was incorporated in and had its principal place of business in New York). Per Daimler, subjecting defendants to general jurisdiction in New York would violate due process requirements because Coordinates is a Florida LLC with a principal place of business in Florida, and Alfrey is a resident of Georgia. (See Compl. ¶¶ 5-6); 571 U.S. 117 at 137.

        Plaintiff has also failed to properly plead facts to establish that this is an "exceptional case" where Coordinates is "essentially at home" in a forum where it is not headquartered or incorporated. Courts in the Second Circuit have concluded that "'continuous and systematic' contacts alone are insufficient to establish general personal jurisdiction and thus rejected the idea that a company could be brought into court merely for 'doing business' in a state." d'Amico Dry d.c.a v. Primera Mar. (Hellas) Ltd, 348 F. Supp. 3d 365, 387 (S.D.N.Y.

2018) (quoting Daimler, 571 U.S. at 138-39 & nn.18-19); see also Chufen Chen v. Dunkin' Brand, Inc., 954 F.3d 492, 500 (2d Cir. 2020) (owning multiple franchises in New York does not subject a company to its general jurisdiction); Sonera Holding B.V., 750 F.3d at 225-26 (New York did not have general jurisdiction over a corporation that had an office in New York, among other contacts); Everything Yogurt Brands, LLC v. Bianco, No. 23 CV 01161, 2024 WL 3497757, at *5 (S.D.N.Y. July 22, 2024) (declining to exercise personal jurisdiction over a corporate defendant where there were "no allegations in the complaint that suggest any of the Defendants have ever set foot in New York nor that they have engaged in any continuous and systematic course of doing business here"); Fabius v. Gardère, No. 18 CV 6358, 2021 WL 6797293, at *2 (E.D.N.Y. Sep. 21, 2021) (rejecting plaintiff's claim of personal jurisdiction where it failed to provide any evidence of systematic and continuous contacts, but offered "only conclusory statements couched as factual allegations"); Doe v. Nat'l Conference of Bar Examiners, 16 CV 264, 2017 WL 74715, at *5-6 (E.D.N.Y. Jan. 6, 2017) (defendant must have a substantial physical presence in a forum to be subjected to its general jurisdiction, and selling tests to New York residents does not establish this).

   Plaintiff has failed to show that Coordinates' business is so extensive in New York as to render it "at home" here. Plaintiff relies on a conclusory allegation to establish general jurisdiction and alleges only that defendant contacted it to establish the agreement at issue in this action. (See Compl. ¶ 8.) It does not allege that either defendant has been to New York but claims simply that defendants were doing business in New York, which is insufficient to confer general jurisdiction. See d'Amico Dry d.a.c., 348 F. Supp. 3d at 387; Nat'l Conference of Bar Examiners, 2017 WL 74715, at *5-6. Accordingly, plaintiff has not established that defendants are subject to general jurisdiction in New York.

9

B. Specific Jurisdiction

New York's long-arm statute provides that specific jurisdiction extends to "a cause of action arising from…any non-domiciliary…who in person or through an agent transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1); see La Salteña S.A.U. v. Ercomar Imports Internacional Corp., No. 21 CV 4675, 2024 WL 2319622, at *4 (E.D.N.Y. May 22, 2024). Pursuant to N.Y. C.P.L.R. § 302(a)(1), plaintiff must show that defendant has "'(1) transacted business within the state'… and (2) the cause of action 'must arise from that business activity.'" Grp. One Ltd. v. GTE GmBH, 523 F. Supp. 3d 323, 335 (E.D.N.Y. Feb. 3, 2021) (quoting Licci v. Lebanese Canadian Bank, 732 F.3d 161, 168 (2d Cir. 2013); see also Wahlhuetter v. Collegehumor.com, LLC, No. 19 CV 1501, 2021 WL 6205506, at *5-6 (S.D.N.Y. Nov. 29, 2021), report and recommendation adopted, 2022 WL 19701 (S.D.N.Y. Jan. 3, 2022). Defendants' business in the state must be predicated on its "intent to reach the forum;" specifically, "the fact that defendants chose New York, when other jurisdictions were available, . . . makes the New York connection 'volitional' and not 'coincidental.'" Spetner v. Palestine Inv. Bank, 70 F.4th 632, 640 (2d Cir. 2023) (citing Rushaid v. Pictet & Cie, 28 N.Y.3d 316, 328 (N.Y. 2016)).

For the purposes of N.Y. C.P.L.R. § 302(a)(1), "New York courts have held that conducting contractual negotiations by phone, fax or mail with a party in New York does not constitute the transaction of business within the state." Glob. Plantation Inv.-Deep Creek, LLC v. Xia, No. 17 CV 4294, 2019 WL 2436278, at *4 (E.D.N.Y. Mar. 1, 2019) (quoting Worldwide Futgol Assocs., Inc. v. Event Entm't, Inc., 983 F. Supp. 173, 177 (E.D.N.Y. 1997). The fact that communications took place in New York because this is where plaintiff is located is not enough to establish specific jurisdiction, and "the mere fact that the parties may have discussed the terms

10

of the services over the telephone while [Plaintiff] was in New York, in and of itself, does not confer jurisdiction over defendants." Id. at *4 (quoting Nader v. Getschaw, No. 99 CV 11556, 2000 WL 1471553, at *5 (S.D.N.Y. Sept. 29, 2000)). Here, there are no factual allegations in the complaint to show that defendants contacted plaintiff to contract business specifically because of plaintiff's connection to New York. Plaintiff provides evidence that the parties communicated via text and email; however, this does not establish a basis for specific jurisdiction, because the complaint does not allege that defendants targeted plaintiff due to its New York contacts, rather that plaintiff received communications from defendants and happened to be in New York at the time. See Glob. Plantation Inv., 2019 WL 2436278, at *4. Accordingly, plaintiff has not adequately pleaded that defendants are subject to specific jurisdiction in New York, and the court need not reach the second prong of analysis under N.Y. C.P.L.R. § 302(a)(1).

Since plaintiff has not adequately pleaded personal and subject matter jurisdiction, I respectfully recommend that plaintiff's motion for default judgment be denied. In light of this recommendation, it is unnecessary to evaluate plaintiff's procedural compliance or defendants' liability in this action.

**III.   Leave to Amend**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a court may "'freely give leave' to replead 'when justice so requires.'" Mulberry Homes, VI, LLC v. Gargiulo, No. 15 CV 1913, 2016 WL 11798887, at *2 (E.D.N.Y. Sept. 1, 2016) (quoting Oliver Sch. Inc. v. Foley, 930 F.2d 248, 252 (2d Cir. 1991)). Courts in the Second Circuit may grant leave to amend pleadings of jurisdiction where they are insufficient but could be remedied with the supplementation of further facts. See IndyMacVenture, LLC v. Mulligan, No. 15 CV 7057, 2019 WL 4648419, at *5, (E.D.N.Y. Aug. 30, 2019), report and recommendation adopted, 2019 WL

11

4647222 (E.D.N.Y. Sept. 24, 2019) (quoting Durant, Nichols, Hodgson & Cortese-Costa P.C. v. Dupont, 565 F.3d 56, 65 (2d Cir. 2009)).  Plaintiff's complaint does not allege facts that preclude personal and subject matter jurisdiction; rather it provides insufficient information from which the court may determine whether jurisdiction is appropriate.  Accordingly, I recommend that plaintiff be granted thirty days' leave to file an amended complaint that properly pleads subject matter and personal jurisdiction.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiff's motion for default judgment be denied, and that plaintiff be granted thirty days' leave to amend its complaint to address jurisdictional deficiencies.  Plaintiff is directed to serve a copy of this Report and Recommendation on defendants by first-class mail, and to file proof of service with the court.  Any objections to this Report and Recommendation must be filed electronically within fourteen (14) days.  Failure to file objections within the specified time may waive a right to appeal the District Court's order.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
August 23, 2024