UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
EZ DROP SHIPPING, LLC d/b/a
IESP GROUP,

        Plaintiff,

  -against-

CODY ALFREY, individually, and
COORDINATES PPE LLC,

        Defendants.
--------------------------------------------------X

REPORT AND
RECOMMENDATION
24 CV 522 (LDH)(RML)

LEVY, United States Magistrate Judge:

        By order dated June 10, 2025, the Honorable LaShann DeArcy Hall, United States District Judge, referred plaintiff's second motion for default judgment to me for report and recommendation. For the reasons stated below, I respectfully recommend that the motion be denied, and that plaintiff be given thirty days to renew the motion after complying with all applicable procedural requirements.

### BACKGROUND AND FACTS

        Plaintiff EZ Drop Shipping, LLC d/b/a IESP Group ("plaintiff" or "EZ Drop") commenced this action on January 24, 2024, against defendants Cody Alfrey ("Alfrey") and Coordinates PPE, LLC (together with Alfrey, "defendants"), asserting claims for breach of contract and fraudulent inducement, or in the alternative for unjust enrichment and account stated, arising out of an agreement to invest in and re-sell COVID-19 home test kits. (Complaint, dated Jan. 24, 2024, Dkt. No. 1.) On October 16, 2024, plaintiff filed an amended complaint in response to Judge DeArcy Hall's order of September 23, 2024, which denied plaintiff's first motion for default judgment with leave to renew. (See Order, dated Sept. 23, 2024; Amended Complaint, dated Oct. 16, 2024, Dkt. No. 19.) Defendants have not answered or

moved with respect to the amended complaint, and the Clerk of the Court noted their defaults on April 3, 2025. (See Clerk's Entry of Default, dated Apr. 3, 2025, Dkt. No. 26.)

## DISCUSSION

"A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules." Century Sur. Co. v. Atweek, Inc., No. 16 CV 335, 2018 WL 10466835, at *1 (E.D.N.Y. Jan. 9, 2018). Plaintiff's motion is deficient in at least two respects.

First, Local Civil Rule 55.2(a)(3) requires that all papers submitted in connection with a motion for a default judgment be mailed to the "last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual)." Loc. Civ. R. 55.2(a)(3). Plaintiff has not filed any proof of service of the motion for default judgment.

Second, the Servicemembers Civil Relief Act ("SCRA") requires a plaintiff requesting a default judgment to "file with the court an affidavit stating whether or not the defendant is in military service and showing necessary facts to support the affidavit." 50 U.S.C. § 3931(b)(1)(A); see also Loc. Civ. R. 55(a)(1)(B) ("[A]ny party seeking a default judgment must file . . . an affidavit or declaration showing that . . . the party seeking default judgment has complied with the [SCRA].");  Windward Bora, LLC v. Ortiz, No. 21 CV 4154, 2022 WL 3648622, at *5 (E.D.N.Y. July 5, 2022) ("[F]ailure to comply with [the SCRA] requirement warrants denial of Plaintiff's motion for default."), report and recommendation adopted, 2022 WL 3647586 (E.D.N.Y. Aug. 24, 2022). "The non-military affidavit must be based not only on an investigation conducted after the commencement of an action or proceeding but also after a default in appearance by the party against whom the default judgment is to be entered." Apex Maritime Co. v. Furniture, Inc., No. 11 CV 5365, 2012 WL 1901266, at *1 (E.D.N.Y. May 18,

2012) (citations omitted).  "The court lacks the power to excuse compliance with th[is] statute." Uribe v. Nieves, No. 17 CV 5155, 2018 WL 4861377, at *1 (E.D.N.Y. Sept. 26, 2018) (citation omitted).  To ensure compliance with the SCRA, a plaintiff can "obtain a report certifying active-duty military status through the [SCRA] website." Morales v. Los Cafetales Rest. Corp., No. 21 CV 1868, 2023 WL 375647, at *5 n.3 (E.D.N.Y. Jan. 3, 2023), report and recommendation adopted, 2023 WL 375642 (E.D.N.Y. Jan. 24, 2023) (citing https://scra.dmdc.osd.mil/scra). Counsel's declaration states: "Based on our investigation, neither Defendant is a minor, incompetent, or a member of the military." (Declaration of Michael Steinmetz, Esq., dated June 9, 2025, Dkt. No. 27-1, ¶ 19.)  This is insufficient because it does not "provide specific facts adduced from an investigation that would necessarily support its conclusion as to [d]efendant['s] . . . military service, as required." Blue Castle (Cayman) Ltd. v. Yee, No. 23 CV 1724, 2025 WL 2793648, at *3 (E.D.N.Y. Sept. 30, 2025) (citing Wilmington Sav. Fund Soc'y, FSB as trustee of Aspen Holdings Tr. v. Fernandez, 712 F. Supp. 3d 324, 333 (E.D.N.Y. 2024) ("Adequate proof might consist of a report from the Department of Defense's website obtained after the defendant's default certifying that the defendant is not in active military service.")).

        Accordingly, I recommend that plaintiff's motion for default judgment be denied at this time, and that plaintiff be afforded thirty days' leave to comply with these procedural requirements.

## CONCLUSION

        For the foregoing reasons, I respectfully recommend that plaintiff's motion for default judgment be denied, and that plaintiff be granted thirty days' leave to address the procedural deficiencies identified herein.  Plaintiff is directed to serve a copy of this Report and Recommendation on defendants by first-class mail, and to file proof of service with the court within ten (10) days.  Any objections to this Report and Recommendation must be filed

3

electronically within fourteen (14) days.  Failure to file objections within the specified time may waive a right to appeal the District Court's order.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

*Robert M. Levy*
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
      November 20, 2025